## Jackson v. Wafer, Appellant.

*Assumpsit—Evidence—Contradictory evidence—Case for jury.*

Where, in an action of assumpsit to recover for services rendered, the evidence offered by the parties was contradictory and sufficient to support a verdict either way, the case was for the jury and a verdict for the plaintiff will be sustained.

Argued October 14, 1925. Appeal No. 127, October T., 1925, by defendant from judgment of the Municipal Court of Philadelphia, April T., 1924, No. 404, on verdict for plaintiff in the case of J. Morris Jackson v. William A. Wafer. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for services rendered. Before CRANE, J.

The opinion of the Superior Court states the case.

Verdict for plaintiff in the sum of $2,000 and judgment thereon. Defendant appealed.

*Error assigned* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

Bryan A. Hermes, for appellant.

Samuel J. Randall and with him Lemuel B. Schofield, for appellee.

OPINION BY LINN, J., December 14, 1925:

Suit was brought to recover a sum (not disputed in the record) alleged to be due by an employer, the

defendant, to his employe, the plaintiff, pursuant to a promise to pay for extra services if rendered by the plaintiff, who has judgment on the verdict of the jury. It was the duty of the jury to determine from the contradictory evidence offered by the parties, what their contract was, and the jury was so instructed in a charge of which no complaint was made at the trial or in the motion for a new trial. In those circumstances it is useless here to discuss the evidence. It is sufficient to say that there was such contradiction that if the jury had found either way, the verdict would have had adequate support. In any event we have no right to interfere with it. Obviously, then, binding instructions could not have been given.

The other assignment is to the refusal of a new trial; no abuse of discretion is suggested; apparently the purpose of that assignment is to suggest that the court erred in the use of an illustration in the course of the charge; it was not excepted to at the trial; it was not mentioned in the motion for a new trial; we are unable to see that it could have done any harm.

Judgment affirmed.